[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2005
THOMAS K. KAHN
CLERK

No. 04-13640
Non-Argument Calendar

_____

D. C. Docket No. 04-20215-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GREGORIO BALLESTERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 4, 2005)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jose Ballestero appeals his sentence after pleading guilty to one charge of

importing one kilogram of more of heroin, in violation of 21 U.S.C. § 952(a). He

pled guilty on June 1, 2004, and was sentenced to 87 months' imprisonment. On

appeal, he argues that the district court committed clear error in refusing to grant a

minor-role reduction, and claims that his sentence violates United States v. Booker,

___ U.S. ____ (2005), because the court sentenced him based on a drug amount

which was neither admitted nor found by a jury. Because we find evidence in the

record that the district court would have imposed a different sentence under an

advisory guidelines system, we vacate Ballestero's sentence and remand for

resentencing.

Ballestero was arrested at Miami International Airport on March 26, 2004,

after Customs inspectors discovered heroin his luggage. He admitted that he had

brought the heroin from Venezuela to the United States in exchange for money,

and said that someone named Jose Luis Palencia had supplied the drugs, paid for

his airline ticket, and given him $1000. He was to take the drugs to New York and

deliver them to a person he identified only as "Carmelo," who was supposed to pay

him. Ballestero admitted that he had made a similar trip carrying drugs for

Palencia before. The day after his arrest, Ballestero agreed to go to New York with

two special agents from the Bureau of Immigration and Customs Enforcement

("BICE") to attempt to deliver the drugs, but the agents returned Ballestero to

2

Miami without going through with the delivery.

The Presentence Investigation Report ("PSR") prepared by the United States Probation Office recommended a guideline range of 87 to 108 months' imprisonment. Under the guidelines, the amount of heroin seized called for a base offense level of 34, but the PSR recommended a two-level reduction under the safety-valve provision and a three-level reduction for acceptance of responsibility, with a resulting total offense level of 29. Ballestero did not object to any of the facts set out in the PSR, including the amount of heroin seized. He did, however, object that he should receive a sentence reduction because he played a minor role in the offense.

The district court rejected Ballestero's request for a minor role reduction, but implicitly granted the two reductions recommended by the PSR. The court sentenced Ballestero to 87 months' imprisonment, the low end of the guidelines range. Ballestero now appeals, arguing that the district court erred in denying a minor role reduction and that his sentence violates Booker.

Because Ballestero argues for the first time on appeal that his sentence violates Booker, we review his sentence for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). In order to demonstrate plain error, the appellant must show "(1) error, (2) that is plain, and (3) that affects

3

substantial rights." United States v. Cotton, 535 U.S. 625, 631 (2002) (internal quotation marks omitted).  Once these three requirements are shown, we may reverse if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.

A sentence imposed pursuant to a mandatory guidelines system meets the first two requirements of the plain error test, even if there is no constitutional error present.  See United States v. Shelton, 400 F.3d 1325, 1330-31. (11th Cir. 2005).  To determine whether such plain error satisfies the third prong of the plain error test and affects Ballestero's substantial rights, we must ascertain "whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of a binding fashion by the sentencing judge in this case."  See Rodriguez, 398 F.3d at 1301.  To do so, we examine the record for any indication that the district court would have sentenced differently if not for the mandatory nature of the sentencing guidelines.  See id. at 1303-04.

In this case, the district court sentenced Ballestero to 87 months' imprisonment, based on an offense level of 29 and a criminal history category of one.  In doing so, the court implicitly accepted the recommendation of the PSR and granted a three-level reduction for acceptance of responsibility and a two-level reduction under the safety valve provision.  In addition, in response to Ballestero's

4

request that he be sentenced to the low end of the guideline range, the court responded that "I intend, of course, to sentence him at the lowest end of the guideline, the lowest I can give him."

We find that this statement, together with the low-end sentence and the reductions, demonstrates a reasonable probability that the court would have imposed a different sentence if the guidelines had not been mandatory. Thus, we conclude that Ballestero has demonstrated that his substantial rights were affected. We therefore vacate Ballestero's sentence and remand this case to the district court for resentencing consistent with <u>Booker</u>.[1]

**VACATED AND REMANDED.**

---

[1]Because we remand for resentencing because of <u>Booker</u> error, we need not reach the issue of whether the district court properly denied Ballestero's request for a minor-role reduction.